## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **MONICA JEFFRIES,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 15-cv-3480 |
| | * | |
| **BOSTON SCIENTIFIC** | * | |
| **CORPORATION,** *ET AL.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On November 16, 2015, Plaintiff Monica Jeffries, proceeding *pro* se, filed this product liability action, alleging she had been harmed by a Greenfield Inferior Vena Cava Filter ("IVC filter") "designed, manufactured, prepared, compounded, assembling [*sic*], processed, labeled, marketed, distributed, and sold by" the Defendants "Boston Scientific et.al. [*sic*]" and "Boston Scientific/Ray Elliott," hereafter "BSC."  ECF No. 1.  On February 29, 2016, BSC moved to dismiss for lack of jurisdiction, lack of standing, and failure to state a claim.  ECF Nos. 12, 13.  The issues have been briefed, and no hearing is necessary.  Local Rule 105.6.  Because Jeffries' Complaint suffers from multiple fatal flaws, the Motion to Dismiss shall be granted, but Jeffries shall have thirty (30) days in which to file an Amended Complaint that complies with the Federal Rules of Civil Procedure and addresses the problems the Court outlines.

## BACKGROUND

BSC "is a Delaware corporation with its principal place of business in Massachusetts."  ECF No. 13, at 9.  Jeffries is a Maryland resident, ECF No. 1, at 1, who alleges that she was implanted with an IVC filter on March 29, 1995, ECF No. 17, at 5.

Jeffries asserts that this filter was the Greenfield IVC Filter made by BSC.  ECF No. 16, at 4.  Jeffries bases this belief on "expert medical doctors, interventions, x-rays and various scans, and finally the operative report 3/29/1995."  ECF No. 19, at 2.  Jeffries alleges that in March 2004, there was a recall on Stainless Steel Greenfield Vena Cava Filter with 12Fr Femoral Introducer Systems manufactured prior to March 10, 2004.  ECF No. 1, at 5.

Jeffries alleges that the IVC filter has failed to work as intended and has caused her "serious an[d] ongoing physical, emotional, and economic damages, heart issues, migration and perforations."  *Id.* at 2.  She filed this diversity action seeking compensatory damages and punitive damages for the cost of all past current and future medical expenses, as well as pain and suffering incurred as a result of the implantation of the IVC filter.  *Id.* at 24; ECF No. 16, at 18.  The Complaint lists roughly[1] seven causes of action: (1) negligence, (2) strict liability–failure to warn; (3) strict liability–design defect; (4) strict liability–manufacturing defect; (5) breach of implied warranty of merchantability; (6) negligent misrepresentation; and (7) loss of consortium for Jeffries' grandchildren.  ECF No. 1, at 16–23.

## DISCUSSION

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.

---

[1] Not all of the claims are numbered.

1990).  A district court may not rewrite a complaint in order for it to survive a motion to dismiss.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Although afforded more leeway than represented parties, *pro se* litigants must still conform their filings to the requirements of the Federal Rules of Civil Procedure, including Rule 8 and Rule 11.  Rule 8 requires that "[a] pleading that states a claim for relief must contain: (1) *a short and plain statement* of the grounds for the court's jurisdiction, . . . ; [and] (2) *a short and plain statement* of the claim showing that the pleader is entitled to relief." (emphasis added).

Rule 11 governs pleadings, motions and other papers, as well as representations to the court and sanctions for misconduct.  Notable for this case, Rule 11(b) states that an unrepresented party, by presenting a pleading to the court, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Failure to abide by Rule 11 can result in monetary sanctions and/or dismissal.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In considering a motion to dismiss, the Court analyzes all the requirements listed above, as well as whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*.  A court must construe factual allegations in the light most favorable to the plaintiff.  *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).  Put simply, a complaint must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

I. **Jeffries fails to assert a colorable, factual basis for her claim that her IVC filter is affiliated with BSC**

Jeffries' Complaint fails to "raise a right to relief above the speculative level," *id.*, and shall be dismissed under Fed. R. Civ. P. 12(b)(6).  Jeffries' voluminous Complaint and Responses contain entirely too much extraneous information detailing the history of the IVC recall and Jeffries' seemingly unrelated medical issues,[2] and not enough information detailing whether her IVC filter was produced and distributed by BSC.  To the extent the Court was able to tease out Jeffries' allegations from the jumbled pages, there appears to be no good-faith basis to allege BSC produced Jeffries' IVC filter.  Jeffries alleges the filter was implanted and that BSC made a certain type of filter, but does not allege with any factual support that her filter was produced by BSC.  At best, Jeffries has produced an operative report dated March 29, 1995 indicating she had an IVC filter inserted.  *See* ECF No. 17, at 5.  Nowhere on the report does it indicate what type of IVC filter was inserted or who manufactured it.  Jeffries admits that she does not

---

[2] Jeffries is strongly cautioned that the filings in this case are public records.  As such, she has revealed her private medical information to the public.  The Court has ordered the records sealed.  If the case continues, Jeffries is instructed to file such information with a motion to seal so that the records are not accessible to the general public.

have the document identifying which type of IVC filter she has and that removing the filter may be the only way to determine who made it. ECF No. 16, at 5; ECF No. 19, at 4.

This is insufficient. There is no indication that Jeffries, prior to filing her Complaint, made a "reasonable" inquiry or that her "factual contentions have evidentiary support . . . [or] will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rather, it appears Jeffries simply filed her Complaint based on a hunch. Such pure speculation fails to nudge her claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. For this reason alone,[3] Jeffries' Complaint must be dismissed.

## II. Jeffries' consortium claim fails as a matter of law

Jeffries' seventh cause of action is entitled "Loss of Consortium Claim." ECF No. 1, at 23. In Maryland, it is well-settled law that loss of consortium is a joint claim of a husband and wife that encompasses "the loss of society, affection, assistance and conjugal fellowship[, meaning] . . . the loss or impairment of sexual relations." *Deems v. W. Maryland Ry. Co.*, 247 Md. 95, 100, 231 A.2d 514, 517 (1967). It is a claim that must be brought by both spouses and not merely by the injured party. *See id.* Jeffries has not alleged that she has a spouse and no spouse is a party to the suit.[4] Accordingly, she has not stated a claim for consortium and this claim shall be dismissed with prejudice.

---

[3]The Court, therefore, declines to decide whether it has personal jurisdiction over BSC. Proper pleading of the causes of action would necessitate pleading sufficient facts to support the assertion that BSC produced Jeffries' IVC filter. Personal jurisdiction might then be satisfied.

[4] Construed liberally, Jeffries appears to be asserting a claim for solatium, but such a claim is only available to the *child* of an injured person, not the grandchild, and the injured person must have the misfortune of being deceased. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-904 (2016).

### III.     Jeffries' punitive damages claim is deficient as a matter of law

Jeffries has also failed to adequately plead that she is entitled to punitive damages. "[F]or a plaintiff to recover punitive damages, the complaint must contain a specific claim for punitive damages and 'must set forth facts that, if proven true, would entitle the plaintiff to punitive damages.'"  *Bowden v. Caldor, Inc.*, 350 Md. 4, 22, 710 A.2d 267, 276 (1998) (quoting *Scott v. Jenkins*, 345 Md. 21, 25, 690 A.2d 1000, 1001 (1997)).  "In a non-intentional tort action, the trier of facts may not award punitive damages unless the plaintiff has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, i.e., 'actual malice.'"  *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460, 601 A.2d 633, 652 (1992).  "[I]n order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the plaintiff must [allege and] prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect."  *Id.* at 462, 601 A.2d at 653.  Negligence only will not suffice.  *ACandS, Inc. v. Godwin*, 340 Md. 334, 361, 667 A.2d 116, 128 (1995).  Jeffries' punitive damages claim contains nothing but a recitation of the malice standard.  There are no factual allegations that would demonstrate actual malice if proven.  Therefore, the punitive damages claims shall be dismissed.

### IV.     Jeffries has not adequately addressed whether her claim is barred by the statute of limitations

In Maryland, products liability claims are limited by the standard three-year statute of limitations.  Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2016) (setting the general standard unless stated otherwise in another provision); *see also* Md. Code Ann.,

Cts. & Jud. Proc. § 5-115 (2016) (containing no separate statute of limitations for products liability actions).   However, "application of the discovery rule in a product liability action requires that the statute of limitations should not begin to run until the plaintiff knows or through the exercise of due diligence should know of injury, its probable cause, and *either manufacturer wrongdoing or product defect*."   *Pennwalt Corp. v. Nasios*, 314 Md. 433, 452, 550 A.2d 1155, 1165 (1988) (emphasis added).   A court may dismiss an action if it is facially clear from the Complaint that a claim is barred by the statute of limitations.   *See Litz v. Maryland Dep't of Env't*, 434 Md. 623, 641, 76 A.3d 1076, 1086 (2013).

Jeffries had her IVC filter implanted in 1995 and did not file her Complaint until twenty years later.   Jeffries implies that the statute of limitations should not begin to run until September 2015 when she was notified that her IVC filter had migrated.   ECF No. 1, at 8.   She further asserts that "Defendants are estopped from relying on the statute of limitations defense because defendants failed to timely disclose, among other things, facts evidencing the defective and unreasonably dangerous nature of the Greenfield IVC filter."   *Id.* at 15.

Jeffries' assertions regarding limitations suffer from a fatal conflict:   in the same document in which she argues for the statute of limitations to be tolled until 2015, she asserts that BSC publicized a recall in 2005.   *Id.* at 3, 15.   She does not provide any reason why she should not have known about the dangers of the IVC filter in 2005.   If Jeffries chooses to file an Amended Complaint, she must allege specific facts demonstrating that her claims are not time-barred.

### V.      Jeffries shall be given leave to amend her Complaint

In the interest of fairness to a *pro se* litigant, Jeffries shall be given leave to file an amended Complaint, absent the consortium claim, within thirty (30) days of the date of this opinion.  Jeffries is reminded that her Complaint must comply with the Federal Rules of Civil Procedure, including, but not limited to, "short and plain statements" of jurisdiction and facts asserted in good-faith.  *See* Fed. R. Civ. P. 8 and 11.  In the same manner, Jeffries must also address whether her action is barred by the statute of limitations.  Jeffries should not include unnecessary recitations of the history of the IVC recall, federal regulations, or medical problems unrelated to her IVC filter.

### CONCLUSION

For the reasons discussed above, BSC's Motion to Dismiss [ECF No. 12] will be granted and Jeffries' Complaint [ECF No. 1] will be dismissed with leave to file an amended Complaint, absent the consortium claim, within thirty (30) days of the date of this order.  If Jeffries fails to file a proper Amended Complaint within thirty days, the dismissal shall be with prejudice.  Jeffries' consortium claim will be dismissed with prejudice.  Jeffries' Motion to Deny Defendants' Motion to Dismiss [ECF No. 16] will be denied.  Jeffries' Motion for Extension of Time to File Response/Answer [ECF No. 15] will be granted.  A separate Order follows.


Date:   August 10, 2016                        _____/s/_____
                                               ROGER W. TITUS
                                               UNITED STATES DISTRICT JUDGE