IN THE UNITED STATES DISTRICT COURT
OF MARYLAND SOUTHERN DIVISION

**MONICA JEFFRIES**

PLAINTIFF

**VS**                                    **Civil Action: 8:15-CV-3480(RWT)**

**BOSTON SCIENTIFIC CORPORATION**

ET AL

DEFENDANTS

## MEMORANDUM OF LAW IN SUPPORT

## OF PLAINTIFFS MOTION AND OBJECTION TO DISMISS

## MOTION TO ADD SOUTHERN MARYLAND HOSPITAL

## MOTION FOR EMERGENCY HEARING ON THE MERITS

## TO HAVE THE IVC FILTER REMOVED AND INJUNCTION

## AGAINST DEFENDANTS AND TO HAVE

## PLAINTIFFS MEDICAL INFORMATION CONCEALED

## FROM THE PUBLIC EYE.

### INTRODUCTION

This is a product liability case brought by plaintiff Monica Jeffries as the person

of record, pro se to recover damages for injuries she HAS sustained as a result of

being implanted with 'Boston Scientific Greenfield IVC Filter in March 1995, at

Southern Maryland Hospital now a.k.a. Medstar. The idea behind the IVC Filters was

to protect thousands of patients at risk of recurrent pulmonary embolisms, inclusive of

plaintiff Jeffries in this matter. Jeffries like many other consumers implanted with the

Greenfield IVC Filter specifically made by Boston Scientific and distributed by

Southern Maryland Hospital, have resulted in subsequent injuries inclusive of the

perforation of plaintiffs vena cava in 2015. Plaintiff contends that the Greenfield

Filter by Boston Scientific 'failed to work as intended, which caused plaintiff 'very serious and ongoing physical, emotional, and economic damages, heart issues, migration, and perforation to say the least. Accordingly, BSC, and other companies like BSC are guilty of negligence and manufacturing a defective product. BSC knew their product was defective, but continued to sell it without telling the public (plaintiff) about it's risks. Plaintiff now walks on 'egg shells each and every day the device remains' 'I'm like a walking time bomb', just like many other consumers who may not be aware of the defective IVC filter. Boston Scientific Corporation et al as well as Southern Maryland Hospital et al are liable unto the plaintiff at this time. This however has come at a cost. Thousands were treated, and many filters failed inclusive of the 'Boston Scientific Corporation IVC Filter, which was implanted in plaintiff at Southern Maryland Hospital. These failures resulted in subsequent injuries even death which may be the end result for plaintiff. Plaintiff like many other consumers turned to medical teams to treat their medical conditions. Plaintiffs original complaint clearly indicates that Boston Scientific is the defendant liable unto the plaintiff and now Southern Maryland Hospital as well. Plaintiff avers her cause of actions: (1) negligence, (2) strict liability-failure to warn (3) strict liability-design (4) strict liability-manufacturing defect; (5) breach of implied warranty of merchant ability; (6) negligence misrepresentation and (7) solatium/to protect my kids should I not survive resolution of this suit(wrongful death).

Plaintiffs Amended Complaint although this court has not given me permission to Amend as of today, clearly does not suffer from any 'fatal flaws' as defendant are trying to proclaim, in fact it is 'crystal clear' that plaintiffs complaint is NOT BARRED by any statute of limitations at this time,(1) as the defective IVC filter was not discovered until 2015, and now if plaintiff is allowed to Amend her Complaint to

include defendants Southern Maryland Hospital, this matter clearly 'cements the deal' as Southern Maryland Hospital was the distributor of the Greenfield IVC filter. Defendants have all but sealed plaintiffs coffin, SMH as they cannot locate and have conveniently lost relevant and pertinent information about the 'Greenfield IVC Filter' implanted in plaintiff at SMH, this discovery did not take place until September 2016; and;

(2) Plaintiff has successfully taking pain staking efforts to retrieve that relevant information by seeking further clarification by Dr. Brian Holly a radiologist interventionist at Johns Hopkins Hospital, seeking refuge as to what plaintiff should do at this juncture about the very dangerous removal of the Boston Scientific Greenfield IVC Filter; in furtherance plaintiff has since supplied this court as well as the defendants in this matter with detailed reports about the perforation, scans about the migration, if allowed Jeffries has requested Dr Brian Holly to further elaborate on the very specific design of the 'Boston Scientific Greenfield IVC Filter' which clearly implicates the IVC filter implanted in plaintiff is no doubt a 'Boston Scientific Product'; (See plaintiffs exhibit A) it can clearly be concluded that the product is BSC and was implanted by SMH et al;

and (3) Plaintiff has clearly and with great detail,with and specificity supported ALL of her claims, since Discovery is still early their have many other factors uncovered at this juncture, plaintiff hereto requests this Honorable Court to grant her permission to Amend her Complaint at this time. Plaintiff cannot and has gone to great lengths to present this matter 'in a short and plain statement' this matter has stemmed over 20 years, plaintiff cannot get the statements any shorter or plainer than already presented to this forum. Defendants should make a 'short and plain

resolution' to settle this matter immediately, plaintiff's life hangs in the balusters each and everyday.

First, and probably most importantly, plaintiff never knew the 'Greenfield IVC Filter' had migrated and perforated her vena cava until I started having 1) shortness of breath 2) pain in my chest and lower stomach 3) heart palpitations 4) inability to ward off pneumonia and other infections readily 5) lower limb DVT's 6) pulmonary embolisms 7) the only thing left now is 'death'; all of which have occurred over the past 2 years at a minimum. Plaintiff contends here that only after discovery of the 'perforation of her vena cava' did plaintiff did further research in 2015 only then did plaintiff find out that there was a 'recall' on IVC Filters, plaintiff is not sure if 'BSC IVC Filter was part of the FDA Recall in 2005. Hence therefore plaintiff 'could not have know and did not know about the dangers of the IVC Filter in 2005'. As much as plaintiff would have 'loved to have known before that time' this simply is not the case. Defendants have based there assertions on a 'stale sequence of events'; plaintiff contends that the toll should not and cannot toll until 2015 the year the perforation was discovered, and not before.

Plaintiff clearly 'did not say BSC recalled the filters' plaintiff stated that 'there was a recall on IVC Filters by the FDA in 2005, which is based on my research in 2015; there is NO CONFLICT in plaintiffs pleading to that effect. Defendants are trying to 'rewrite history' and put words in the plaintiffs mouth, defendants have tried to manipulate the facts that 'plaintiff never knew of any recall until 2015' when plaintiff realized that the IVC Filter she has and now perforating the vena cava; may have also been recalled as researching her BSC Greenfield IVC Filter; and to no avail Defendants BSC who distributed the IVC Filter via Southern Maryland Hospital have now 'conventionality lost plaintiffs medical records regarding same'. Therefore based

4

on all of the above plaintiffs causes of action are NOT and cannot be barred by any Maryland Statute of Limitation Laws at this time.

Second, hereto Defendants come with 'much ado about nothing' plaintiff has clearly, identified, supported, and shown evidence that BCS Greenfield IVC Filter is without a doubt the filter implanted in her person by Southern Maryland Hospital al in 1995, upon further discovery it has been proven that although SMH have 'conveniently lost' plaintiffs medical records, the BSC Greenfield IVC filter has been, identified by plaintiffs Doctors at Radiology Imaging, Surgical Associates, Dr David Hydek, Dr. Ahmad, and now a 'radio logical intervention Dr Brian Holly, one of the best radiologist interventionist in the country; it is 'sealed in stone' the IVC Filter is a BSC product. (**See exhibit photos of various IVC Filters as compared to BSC IVC Filter**) If there were any '**guessing**' in determining that the BSC Greenfield IVC it was the Defendants, 'guessing that plaintiff did not have strict proof' that the IVC filter is a BSC product, that was clearly implanted in plaintiffs person in 1999 distributed via Southern Maryland Hospital et al. There is '**absolutely no guessing games here**' this is my life on the line. This court as well as defendants have been supplied with more than ample evidence the BSC Greenfield Filter belongs to the defendants in this matter; plaintiff hereto requests this Honorable Court to allow plaintiff to Amend her complaint; supplementing the report from Dr Brian Holly about the identification properties of the BCS IVC Filter. There are no 'self serving allegations' in the entire complaint in fact the evidence given to this court proves that there is 'some kind of cover up' SMH et al have conveniently lost plaintiffs medical records regarding same; much to plaintiffs detriment. This court should not allow defendants to 'throw the baby out the house in the dishwater' in fact defendants should be made to remedy this situation as soon as possible and stop playing "silly

games" plaintiffs life is on the line at this juncture and so are other consumers in this same situation.

Third, BSC and SMH et al act in conjunction as medical teams, in turn, rely on the research and development that device manufacturers put into their products. When these manufactures fail as with BSC Greenfield IVC Filter implanted in plaintiff via Southern Maryland Hospital et al, fail to provide products that perform as intended. Consumers such as the plaintiff and others will suffer, and on occasions will die, as may be the case in this matter, to no avail and at plaintiffs detriment. Although nothing is 100% guaranteed, as plaintiff clearly knows this; society expects these companies such as BSC, Southern Maryland hospital to warn others of potentially life threatening issues that may result from these devices.

When things like this happens, manufacturers neglect to divulge life saving information, those who fall victim such as the plaintiff in this matter should have some kind of recourse to say the least. Based on all of the reasons above, and the reasons outlined in more detail below, this Honorable Court cannot and should not allow BSC's Motion to Stand for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), in the alternative should Deny defendants any relief whatsoever, and allow plaintiff to Amend her complaint and to further order an injunction against the defendants to dissuade them from causing other consumers further harm and danger, and to deny defendants any relief and Dismiss their Motion with extreme prejudice.

## PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint November 16, 2015 against BSC et al and now Southern Maryland Hospital a.k.a. Medstar for injuries sustained after the insertion of BSC Greenfield IVC filter in plaintiffs person sometime in March 1995, and upon finding out in 2015 that the BSC IVC Filter has now perforated plaintiffs



vena cava, and continues to cause plaintiff ongoing health issues which may be attributed to the BSC IVC Filter. BSC Motion to Dismiss Plaintiffs complaint for lack of personal jurisdiction, lack of standing, and failure to state a claim should not be allowed to stand, and should further be denied. Accordingly since Discovery is still early plaintiff hereto requests that Southern Maryland Hospital a.k.a Medstar be added to this case; namely because SMH et al was the distributor of the IVC Filter and have now 'conveniently lost plaintiffs medical records regarding same.

Although plaintiff is 'not an attorney, nor pretends to be an attorney' plaintiff clearly is not aware of any 'extensive briefing' and it's closure as defendants have indicated. Plaintiffs complaint was NOT deficient (1) ' a short and plain statement' was led as short and brief as any reasonable person could plead; in spite of the fact that this matter stems over a course of over 20 years and counting. Plaintiff clearly and with specificity plead her case in a short and plain **layman's** terms to say the least and pursuant to Rule 8, (2) plaintiff clearly and with specificity demonstrated the fact that she was implanted with BSC IVC Filter in 1995, via Southern Maryland Hospital et al, supplemental information from Dr. Brian Holly, Johns Hopkins Hospital, Radiologist Interventionist to follow, for additional clarification of the 'Specific BSC Greenfield IVC Filter, plaintiff has previously supplied this court with relevant identifying documentation about the BSC IVC Filter. (3) Plaintiff claim is not and could not be barred by any statute of limitations, as the 'perforated IVC filter' was not discovered until 2015 via CAT Scans & x-rays; after plaintiff continued to complain of shortness of breath and pain.

Plaintiff timely Amended her complaint as instructed by this Honorable Court only later to discover that BSC in conjunction with SMH have some how 'lost plaintiffs medical records' at this time. Plaintiff has previously supplied this court

7

with relevant documentation implicating the defendants of this act. Therefore based on all of the above and other information as outlined below, this matter clearly is NOT barred by any statute of limitations, as the defendant are trying to reinvent history for no other reason then to be dismissed from this matter, as plaintiffs complaint does not suffer from any continuous deficiencies, defendants 'unwarranted motions' are however plagued with 'much ado about nothing' and should be dissuaded from continuing to saddle this honorable court and the plaintiff in this matter with a bunch of 'stale issues, that have been proven, previously'.

## LEGAL STANDARD

Defendants once again come into this forum suggesting plaintiff's case is meritorious, when in fact this matter is 'very evident' the defendants have tried to throw everything but the kitchen sink into this matter to be dismissed. This matter is about BSC IVC Greenfield implanted in plaintiff 1995 which has now perforated plaintiffs vena cava. BSC and Southern Maryland Hospital et al had 'known risks and failed to warn of known or scientifically knowable dangers. Individuals like plaintiff who have had IVC filter surgeries may have experienced or may likely experience device failures. The development of these issues has caused the FDA to issue warnings against the manufacturers. Many of these injuries like the plaintiff are serious and have become life threatening. Plaintiffs complaint does more than raise a right to relief above the speculative level, in fact new evidence clearly demonstrates that BSC Greenfield IVC Filter is the culprit of plaintiffs injuries to her vena cava, (See exhibits attached) nowhere in plaintiffs medical records prior to 2015, describes a 'perforated vena cava';and defendants Southern Maryland Hospital et al as the distributor of the BSC product, also owe plaintiff due diligence at this point, defendants have 'lost' plaintiffs medical records. Defendants just for the sake of

argument, seek to further burden this court and the plaintiff with unwarranted motions, as BSC & SMH are liable unto the plaintiff in this matter.

## ARGUMENT

## 1. DEFENDANTS CANNOT NOW COME INTO THIS COURT WITH A STATUTE OF LIMITATIONS DEFENSE.

## A. Plaintiffs Tort Cause of Action are NOT BARRED by Maryland's Statute of Limitation.

In accordance with this courts explicit directive in its August 10, 2016 Memorandum Opinion, plaintiff has gone to great lengths to demonstrate that her claim is not barred by the statute of limitations. Plaintiff did not know of any recalls pursuant to BSC Greenfield IVC Filter, or any other IVC Filters until it was discovered and confirmed by CAT Scans and intensive X-rays, that the BSC IVC filter had perforated plaintiffs vena cava, in 1995 and not before that time. (See attached reports).

After plaintiffs research in November 2015 it was discovered that the FDA recalled all IVC Filters inclusive of BSC Greenfield Filter, which was not designed to remain as a permanent vessel in the plaintiff. Therefore the toll does not and cannot start before plaintiff has received or had at a minimum an 'inquiry notice'. A plaintiff is on inquiry notice when the plaintiff 'possesses' facts sufficient to cause a reasonable person to investigate further, and that a diligent investigation would have revealed that plaintiff was a victims of the alleged tort. This a far cry from what any reasonable person such as plaintiff has experienced. In fact defendants have not as of today notified the plaintiff and other consumers like her of BSC defective product. It was NOT UNTIL 2015; plaintiff experienced on going pains and shortness of breath, and the inability to fight off several bouts of pneumonia and infections, that the BSC

9

IVC Filter was the root cause of plaintiffs medical issues. Defendants here again, 'tries to put words in plaintiffs mouth' by stating that 'BSC publicized a voluntary advisory of her alleged product, which occurred after her research when she was found to have the defective product in 2015, that in 2005 there was a recall by FDA on IVC Filters. Plaintiff could not have known of any recall or notices prior to 2015 as 'plaintiff had no need' to investigate the BSC product. Defendants comment simply is NOT TRUE, in fact plaintiff stated in 'a short and plain statement' to be exact; that there had been a recall on IVC Filters which may be inclusive of BSC Greenfield IVC filter implanted in the plaintiff.

Plaintiffs admission that there were health issues from the inception of the implantation only confirms that; plaintiff was very knowledgeable of   her medical issues, as they were ongoing. Now that the BSC IVC Filter was implanted what was going to follow. Plaintiff has been plagued with on going health issues, not knowing what was going to go wrong, now that the device was implanted. Although plaintiff had the device since 1995, it was not proven that the device was broken until 2015. Accordingly, the plaintiff was not on 'inquiry notice of her cause of action' until 2015 when the BSC IVC Filter was discovered to have perforated her person' at which point plaintiff went to extreme measures as a reasonable person in plaintiffs position to undertake the investigation which, was done with reasonable diligence, which led to the discovery that not only had the BSC product perforated her vena cava, but also SMH a.k.a. Medstar have 'lost' plaintiffs medical information entrusted to them. If anyone has slept on any event it would be the Defendants in this matter, as defendants and now Defendants SMH et al have lost very critical information much to plaintiffs detriment. Defendants cannot now come into this court trying to blame plaintiff for BSC shortcomings as they are clearly liable unto the plaintiff at this time.

## WHAT TO LOOK FOR:

Patients such as the plaintiff with a failing or defective IVC Filter often present with chest pain or shortness of breath, both of which plaintiff did not experience until November 2015. Since this is atypical, these patients like plaintiff present their doctor or the emergency room for an evaluation or treatment. A medical professional will order imaging tests, such as a CT scan or MRI, to determine if the IVC Filter may be the cause of the patients chest pain or shortness of breath. As in plaintiffs case although there have been a number of hospitalizations, none were directly attributable to the BSC product until 2015 when plaintiff presented these condition to her doctor.

## B. Plaintiffs contract cause of action (Breach of Implied Warranty of Merchant-ability) Cannot and should not be barred by the statute of limitation.

Plaintiff hereto is appalled that defendants have divulged 'very private medical information' to this forum as well as the public regarding her 'breast implants' this was done with total disregard, willfully, and wantonly, and with total disrespect for plaintiffs person. The 'medically necessary breast implants' were due to the fact plaintiff had Stage III breast cancer, the removal of the breast was 'medically necessary the implant and reconstruction of the breast was also 'medically necessary as the plaintiffs equilibrium was thrown off completely due to the removal of the breast, in relation to the large size of the tumor, the entire breast had to be removed. This is a 'very private' matter for the plaintiff yet defendants took the first opportunity they could to 'completely embarrass the plaintiff' hereto making this very private information for the public to see. The fact that plaintiff had stage III breast cancer, and had implants inserted into her person has 'ABSOLUTELY NOTHING' to do with the defective BSC Greenfield IVC Filter. Plaintiff is 'sick and tired' of the defendants on going blatant, humiliation and snide comments, and divulging her

private information to this forum for absolutely no reason except 'to ridicule and embarrass plaintiff, the exposure of the breast surgery has no place in this complaint.The timeliness of my breast surgery has 'ABSOLUTLY NOTHING' to do with BSC defective product. Because of this dastardly deed this court should sanction the defendants as to deter them from ever exposing such private information about plaintiff ever again, and for no relevant reason, this act was completely unwarranted, unnecessary, and is 'very ugly, mean, and cruel' to the plaintiff to say the least. The mere fact that Defendants took the first opportunity they could to indirectly, use Miller v Bristol -Myers Squibb, a similar case should be ignored.

   A section 2-615 motion to dismiss presents a question of law, which is reviewed DE Nov. Liverpool v Amoco Oil Co., 201 Ill.2nd 134, 147-48, 267 Ill . Dec 14, 776N.E. 2d 151(2002). In reviewing a motion to dismiss under section 2-615, we accept as true all well plead facts and reasonable inferences therefrom. Jackson v. South Holland Dodge, Inc. 197 Ill.2d 39,44258Ill.Dec79,744 N.E. 462(2001). We determine whether plaintiff asserts a cause of action upon which relief may be granted after considering all allegation in a light most favorable to the plaintiff. Jackson, 197Ill.2dat 45,258Ill.Dec.79,755 N.E. 2d 462. Article 2 of the UCC imposes the implied warranty of acceptability.

   To succeed on a claim of breach of implied warranty of Merchant-ability, a plaintiff must allege and prove 1) a sale of goods 2) by a merchant of those goods, and 3) the goods were not merchantable quality. Plaintiff has meet the prongs of this matter as to 'breach of implied warranty of merchandise and is NOT barred by any statute of limitations. Defendants motion for relief pursuant to case law is 'way off track', and clearly not barred by the statute of limitations.

## II. PLAINTIFFS ALLEGATIONS COLLECTIVELY AND WITH SPECIFICITY AND IF ALLOWED TO AMEND HAS EVIDENCE FROM A MEDICAL EXPERT DR. BRIAN HOLLY THAT THE GREENFIELD IVC FILTER IS A PRODUCT OF BSC EXCLUSIVELY AND SUPPORTS A REASONABLE INFERENCE THAT SHE RECEIVED BSC DEFECTIVE GREENFIELD IVC FILTER.

Defendants cannot now come into this court 'simply' denying the Greenfield IVC filter implanted in plaintiff sometime in 1995 is not BSC product. BSC and this court has been given a plethora of evidence via of x-rays, CD reports, confirmation from plaintiffs various doctors, and now evidence from plaintiff expert witness Dr. Brian Holly an expert radiologist interventionist@ Johns Hopkins Medical Center, which has evaluated the plaintiffs person and her medical records, after an depth review of all the medical evidence. Dr. Brian Holly has definitively, using BSC relevant identifiers, and markers and design, confirms that the Greenfield IVC Filter, is a unique design attributable to and belonging to BSC exclusively; (See exhibit A) plaintiff hereto requests this honorable court to allow her to amend her complaint supplementing the 'relevant evidence' from Dr. Holly, and in furtherance adding defendant Southern Maryland Hospital a.k.a. Medstar to this complaint.

Although plaintiff went to SMH to retrieve the relevant medical information strictly seeking the product identification numbers on three different occasions; Defendants SMH have now admitted they have lost plaintiffs medical records pertaining to this very relevant information. Plaintiff has previously supplied this forum with this information. Accordingly, since Discovery is still early and on-going, plaintiffs complaint is a 'far cry from speculative' in fact defendants on going fiasco about much ado about nothing, continues to be a thorn in plaintiffs side, defendants

continue to 'deny they are the owners of the Greenfiled IVC Filter, and yet they offer absolutely no evidence to refute plaintiffs accusations although defendants have been given a plethora of evidence that puts BSC in direct liability unto the plaintiff. Although defendants want to 'play blind mans bluff' the precise information with the product identification has been asked for by plaintiff unto the co-defendant SMH et al on at least 3 separate occasions. Only recently has co-defendant SMH formerly acknowledge they have lost plaintiffs medical records, however SMH was able to ONLY locate the supplied operative report, this act in itself **is suspect** and deems to protect BSC who continues to harbor on a set of stale facts in order to weasel out of this complaint.

Fortunately, plaintiff knew precisely which filter was implanted in her person. Defendants mere denial is not enough to allow their motion to stand. In furtherance, it is with specificity, that plaintiff has offered the defendants the following in support of identification of the BSC IVC Greenfield Filter plaintiff hereto offers the following:1) the number of struts are exclusive to BSC IVC Filter 2) the hooks on the bottom of each strut is also exclusive to BSC IVC Filter 3) Dr. Brian Holly has evaluated the CT Scan of the filter hereto he has identified the BSC IVC Filter 4) the timeliness of the implantation in conjunction with type of filter that was available in 1995 is directly associated with the BSC IVC Filter exclusively 5) plaintiffs doctors at least 4 of them have also identified the BSC IVC Filter via CT Scans, radio logical interventions, and surgical procedures have also concluded that the BSC IVC Filter was the 'exact model' implanted in plaintiff in 1995, of which SMH has 'claimed' they cannot find the medical records much to plaintiffs detriment, this all seems to be a '**cover up'** to protect the Defendant BSC, how convenient SMH could/did find the 'operative report' yet cannot locate the 'identifiers' of the IVC Filter.

14

**III. Plaintiffs causes of action are totally warranted, Defendants have not highlighted any allegations containing any legalese, employing or paraphrase the elements of the cause of action or otherwise by their terms alleging points of law.**

Defendants have not determined any facts that warrant an assumption of truth. After establishing the legal baseline against which to measure the complaint, a defendant must identify all allegations that it can argue are not 'entitled to the assumption of truth. Id. At 1950.Thus at the very least, a motion to dismiss should note the areas in which a complaint relies on legal labels instead of subsidiary facts. Beyond that, the courts have not developed any mechanical analysis to distinguish between well pleaded factual allegations and 'mere conclusive statements'.Ultimately, the task for a defendant at this first stage is to convince the court that as much of the complaint as possible is parroting legal standards rather than referring to case specific acts or omissions within the plaintiff knowledge. Defendants have failed miserably to refute plaintiffs allegations are 'not true'. A particular issue that arises is not to treat facts alleged based on 'information and belief'.' Therefore based on all of the above Defendants request should be denied, until they meet the crux of this statute.

Beneath the formal analysis described in Iqbal,129 S. Ct. At 1950 are a set of informal considerations, which after Womble and Iqbal have formalized litigating a motion to dismiss. While Womble and Iqbal have formalized the analysis of 12(b)(6) motions significantly, they have by no means eliminated the discretion inherent in deciding one. To the contrary a court will rely on substantial judgment and intuition in distinguishing between facts and conclusions as well as in determining whether the facts alleged create a plausible inference of liability.

**A.  Solatium (Count Seven)**

15

Plaintiff nor this Court, or the Defendants knows if this matter will be resolved before plaintiffs demise. The mere fact that plaintiff has to walk around each and everyday, 'on eggshells' in an effort not to disturb the 'perforated vena cava' and may not the 'survive' the surgery for removal of the IVC filter in a timely manner. Hereto plaintiff just wants to protect her kids, should she not survive either the resolution of this matter, or the surgery to 'try to retrieve the IVC filter at some later date. Should plaintiff not survive the resolution of this matter due to her demise due to the IVC filter, it will be a financial burden on my children to bury me without notice. This is a matter as a 'responsible mother' to want to protect her children, at this juncture, I am taking this opportunity to 'NOW JOIN MY CHILDREN FRED, JEREMY, & ASHLEY at this time.

### B. Strict Liability:Failure to Warn (Count Two)

Defendants come into this Honorable Court once again refuting the fact that BSC is the manufacturer and distributor, and owner of the 'Greenfield IVC Filter' implanted in the plaintiff via Southern Maryland Hospital et al in 1995. The rule of strict liability applied in product liability suits makes a seller responsible for all defective items that unreasonably threaten the personal safety of a consumer like the plaintiff or the consumers property. The vendor is liable if he or she regularly engaged in the business of selling such products, which reach the consumer like the plaintiff without any substantial changes having been made in their condition. The vendor is liable even if he or she exercised care in handling the product and if the consumer bought the product somewhere else and had no direct dealings with the vendor. Plaintiff is NOT CLAIMING anything, it is a FACT the Greenfield IVC Filter is BCS defective product. Defendants ongoing and mere denial is not enough to survive this motion and should be dismissed.

16

The principle of proper labeling includes claims made in sales brochures, product displays, and public advertising. It extends beyond warranty or negligence law, because a seller is strictly liable to users or purchasers of the product who are not in Nativity with the seller. A manufacturer like BSC who creates a demand for goods through printing and broadcast media has the responsibility to determine that the product has the qualities represented to the general public. Some courts allow injured consumers to sue even if they have not read a certain label or advertisement. The standard is that if the advertisement is directed toward the public at large and makes claims that a normal consumer would take into consideration when deciding to make a purchase, then the manufacturer must stand behind that claim for every member of the public. Although BSC (defendants) have met all the prongs of this defense now they (BSC) want to abandon ship, at the detriment of plaintiff and consumers like the plaintiff. Based on all of the above the defendants motion should be denied.

## C. Negligent Misrepresentation (Count Six)

The duty to guard against negligence and supply a safe product applies to everyone in the chain of distribution inclusive of BSC and SMH in this particular matter, who carelessly makes a defective product, the company that uses the product to assemble something else without discovering an obvious defect, and the vendor who should exercise greater care in offering products for sale. These individuals owe a duty of care to anyone who is likely to be injured by such a product if it is defective i.e. BSC Greenfield IVC Filter implanted in plaintiff; including the initial buyer, that person's family members, any bystanders, and persons who lease the item or hold it for the purchaser. Additionally, the duty to exercise care involves all phases of getting a product to the consumers or users. The product must be designed in such a way that it is safe for its intended use. It must be inspected and tested at different stages, made

17

from the appropriate materials, and assembled carefully. The products container or packing must be adequate. The manufacturer must also furnish adequate warnings an directions for use with the product. The seller is proscribed from misrepresenting the safety or character of the product an must disclose all defects. Therefore, both BSC and SMH are liable unto the plaintiff Jeffries, therefore based on all of the above the defendants motion cannot and should not be allowed to stand and instead dismissed at this time.

Article 2 of the UCC imposes the implied warranty of merchant ability. 810 ILCS 5/2-314(West 2000). To succeed on a claim of breach of implied warranty of merchant ability, a plaintiff must allege and prove; 1) a sale of goods hence: SMH et al purchase of the BSC IVC Filter 2) by a merchant of those goods, hence added Defendants SMH et al 3) the goods were not of merchantable quality. 810 ILCS 5/2-314(1)(West 2000); see Garcia, 244 Ill. Dec. 651,613 N.E. 2d 1243; Malawy v. Richards Manufacturing CO., 150 Ill.App.3d 549,558.103 Ill.Dec. 355, 501 N.E.2d 376(1986). Unless excluded or modified, this warranty is implied in every sale under these conditions. Section 2-314 provides, 'a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. (Emphasis Added) UCC comments explain that this language in section 2-314 requires a merchant to have professional status as to a particular kind of goods, which is narrower than the general definition of merchant found in section 2-104. Therefore based on all of the above Defendants motion cannot survive and should be dismissed at this time.

### D. Breach of Implied Warranty of acceptability (Count Five)

The viable breach of the implied warranty of acceptability theory in this matter is as follows. The implied warranty of acceptability as applied to consumer products

18

is essentially a guarantee that the product is not defective or mislabeled. This means that the product is fit for the general purposes for which it and similar products are sold, and that the product matches any promises or factual descriptions on the packaging. Plaintiffs Greenfield IVC Filter was apparently not for long term use. Since SMH et al were the purchasers of the IVC Filter, plaintiff is not aware of any labeling that may have been given to SMH et al and not the plaintiff. A faulty product design might mean that all of the products, as manufactured, breach the warranty of acceptability, or just one individual product such as the plaintiffs was somehow made defective before it's sale to plaintiff. That said it is evident that the hooks on the struts of the IVC filter have now perforated plaintiffs vena cava, making the hooks an apparent defective property of the Greenfield IVC Filter implanted in the plaintiff, the IVC Filter apparently was NOT Designed to remain a permanent vessel in the plaintiff. Typically a seller or manufacturer cannot get around the implied of warranty of accountability except in very specific situations. For example a state may not apply the warranty of acceptability to as is sales, provided the conditions of the sale meet precise legal requirements defined by the state. Therefore Defendants mere denial cannot survive this motion and should be denied at this juncture.

## E. Strict Liability: Design Defect and Manufacturing Defect ( Counts Three and Four).

Plaintiffs Amended Complaint clearly sets forth facts supporting her strict liability design defect and manufacturing defect causes of action. Plaintiff hereto allege the following facts supporting her claim:

1) The filter was already equipped with hooks on the end of each strut that now have perforated the plaintiffs vena cava, when it left the possession or control of the seller that has now caused plaintiff substantial harm. 2) The Greenfield IVC Filter was in

19

fact unreasonably dangerous for plaintiffs use, since it has been left in plaintiffs person over twenty years, as the device was not designed to remain a permanent vessel in the plaintiff. 3) the defective IVC filter is the direct cause of the perforation in the plaintiffs vena cava, and possibly the cause of other illnesses experienced by the plaintiff since the injuries are on going. 4) the IVC Filter did in fact reach the plaintiff without any substantial change in its condition prior to it's implantation in the plaintiff, now the hooks on the struts and the side effects are totally unwarranted. As with other theories of products liability, recovery under a breach of warranty theory also involves Nativity issues. The old rule stated that implied warranties only rant to the immediate buyer so that middleman could sue a manufacturer for a product defect, and a buyer could sue a middleman, but the buyer could not sue the manufacturer because the buyer did not purchase the product directly from the manufacturer. Please not that this history only applied to implied warranties and not express warranties. Therefore based on all of the above Defendants motion cannot survive and should be dismissed at this time.

## 1. Plaintiffs Amended Complaint Clearly Articulates a Manufacturing Defect.

Plaintiff was not given any labeling instructions on how the filter should be used, in fact the Defendants NEVER gave plaintiff any information about the filter at all. In fact it is now the design of the Greenfield Filter with it's struts and hooks which are 'now embedded, and perforated in plaintiffs vena cava, and 'more than likely cannot be removed at this time. Plaintiffs statements are not 'bald' in fact the hooks as designed on the IVC Filter is the direct cause of 'what appears to be a permanent bond making the IVC filter a danger to plaintiffs person at this time. Plaintiff assertions are 'full of hairy facts' that warrant resolution at this time. The defective product, along with being the actual cause of the injury, must also be the proximate cause of the

injury, as in the plaintiffs case. Thus, the defendants are liable unto the plaintiff since there was NOT an intervening act superseding the defective product as the proximate cause of the injuries suffered by the plaintiff. Plaintiffs claim of breach of warranty theory, any damages plaintiff collects are the same as those she can collect under an ordinary or strict liability theory. Therefore since this claim is NOT based on any BALD conclusive statements, defendants mere denial cannot survive this motion and should be dismissed at this time.

## 2. Plaintiff hereto Articulates with Specificity in the design of the defect in the device.

It has been made very clear through out this complaint that the design of the Greenfield IVC Filter is the direct cause of plaintiffs ongoing health issues. Namely the 6 struts with the hooks on the end of each have now perforated plaintiffs vena cava, this design is unique to the Greenfield filter. The hooks have now become embedded in plaintiffs person and may not be retrievable at this time, since the device has been in plaintiffs person over 20 years. The struts on the filter have now become intrusive unto plaintiffs other major organs and vessels, and have now put the severance of those major vessels in harms way. The hooks are so embedded in the plaintiffs person, it may be impossible to retrieve at this time and to attempt to remove it may cause the plaintiff a death sentence. The device was NOT made to remain a permanent vessel in the plaintiff apparently, however the defendants have never warned plaintiff and others like her about the defective IVC Filter made exclusively by BSC and distributed via Southern Maryland Hospital et al. Therefore based on all of the above Defendants motion cannot survive, and should be dismissed at this juncture.

## F. Negligence and Gross Negligence (Count One)

Plaintiffs negligence and gross negligence claims are well versed in this motion. The duty to guard against negligence and supply a safe product, supplies to everyone in the chain of distribution, including a manufacturer who carelessly makes a defective product e.i. Greenfield IVC Filter implanted in plaintiff, the company that uses the product to assemble something else without discovering an obvious defect, and the vendor who should exercise greater care in offering products for sale e.i. Southern Maryland Hospital a.k.a. Medstar et al,. All these individuals owe a duty of care to anyone who is likely to be injured by such a product if it is defective, including the initial buyer, that person's family members, any bystanders, and persons who lease the item or hold it for the purchaser. Additionally, the duty to exercise care involves all phases of getting a product to the consumers or users. The product must be designed in such a way that it is safe for its intended use. It must be inspect and tested at different stages, made from the appropriate materials, and assembled carefully. The products container or packaging must be adequate. The manufacturer must also furnish adequate warnings and directions for use with the product. The seller is proscribe from misrepresenting the safety or character of the product an must disclose all defects at any given time relevant to this action. Defendants although it has been over 20 years, still has not recalled it's defective Greenfield IVC Filter. In furtherance, apparently the 'greenfield IVC Filter' was not made to be a permanent device in the plaintiff, BSC should at a minimum notified plaintiff and others like her about the possible defects later found in the BSC defective product. Therefore based on all of the above the Defendants motion cannot and should not survive and instead should be dismissed at this time.

# IV. PLAINTIFF HAS CLERLY AND WITH SPECIFICITY PLED VERY RELEVANT FACTS TO SUPPORT HER PUNITIVE DAMAGES CLAIM TO SAY THE LEAST, DEFENDANTS MERE DENIAL IS UNWARRANTED.

In order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is base on negligence or strict liability, the plaintiff must allege and prove 1) actual knowledge of the defect on the part of the defendant, in this case defendants clearly knew at least since 2005 that the BSC IVC Greenfield was defective, and that it should not remain a permanent device in the plaintiff in this case, defendants had at least 20 years to profess that the BSC IVC filter was in defective 2) the defendants conscious and deliberate disregard of the foreseeable harm resulting from the defects; defendants clearly knew sometime way before 2015 when plaintiff discovered the filter had perforated her vena cava, that BSC device first and foremost; was not suppose to be a permanent vessel, secondly defendants knew sometime before 2015 that the hooks found exclusively on the BSC IVC Filter could cause irreversible damage to persons such as the plaintiff, should the device remain long past it was intended. The defendants on going actions for over 20 years are clearly indicative that defendants conduct was characterized by evil motive, intent to injure, ill will, and fraud i.e. 'actual malice'. Defendants hereto continues to commit such evil and dastardly deeds, and harm to plaintiff here again although it has been proven throughout this complaint that the BSC Greenfield Filter that was implanted in the plaintiff in 1995, and still remains causing further harm unto the plaintiff in this matter, however the defendants are still 'simply denying' the fact that they are liable unto the plaintiff at this time and 20 years later.

The Nativity doctrine dominated the nineteenth century law, yet courts created exceptions to avoid denying an injured such as the plaintiff a remedy. Soon Nativity

of contract was not required where the seller fraudulently concealed the defect, defendants clearly knew sometime before 2015 that BSC IVC filter was defective in more than one aspect, yet BSC never notified plaintiff about any recalls of the BSC product, the defect or where the products were inherently or imminently dangerous to human life or health, such as poisons or guns. The decisions then began to expand these exceptions. Some courts dropped the fraud requirement. A concealed defect coupled with some sort of 'invitation' by the defendant to use the product was enough. In a few cases, the term imminently dangerous was construed to mean especially dangerous by reason of the defect itself and not necessarily dangerous pr se.

The seminal case of macpherson v. buick motor co., 217 NY 382, 111 N.E. 1050 (N.Y. 1916) broadened the category of 'inherently' or 'imminently' dangerous products so as to effectively abolish the Nativity requirement in negligence cases. It held that lack of Nativity is not a defense if it is foreseeable that the product, if negligently made, is likely cause injury to a class of persons that includes the plaintiff. Because this is essentially the test for negligence, the exception swallowed the rule. The MacPherson case quickly became a leading authority, and the Nativity rule in negligence cases soon was ignored, Increasing public sympathy for victims of industrial negligence also contributed to the demise of the rule.Businesses have also attempted to set maximum amounts that persons can recover for punitive damages. Some states have capped awards for punitive damages. In 1996, President Bill Clinton vetoed a bill that would have limited punitive damage awards to $250,000, or two times the economic and non economic damages, whichever amount was greater, stating that it would deprive U.S. families of the ability to fully recover for injuries caused by defective products. Case being should plaintiff is awarded anything in resolution of this matter. No amount of money could ever circumvent the fact that

24

plaintiff has suffered over 20 years, and still suffers and may in fact not survive the removal of the Greenfield IVC Filter. BSC clearly and at all relevant times to this matter knew of the potentially defective device produced by BSC. Defendants were negligent in this case, BSC were negligent which refers to the absence of, or failure to exercise, proper or ordinary care. The defendants BSC who had a legal obligation either omitted to do what should have been done or did something that should not have been done. In this instance BSC failed miserably to inform the plaintiff of the defective IVC Filter and failed to warn plaintiff and others like her, that the Greenfield IVC Filter was not intended to remain a permanent vessel in the plaintiff. BSC at least since 2005 knew of the possibility that their product was defective, namely the struts of the device and the hooks at each end was an exclusive design of the BSC product, those same hooks had the potential to become 'permanently' embedded in the consumer, yet BSC never notified the plaintiff or consumers like her of the 'potential harm' of their IVC filter. Despite the common impression of Womble and Iqbal as revolutionizing federal pleading standards, the evidence one year Iqbal suggests that the cases are best seen as codifying and focusing longstanding practice. Based on indications so far from the lower courts, many motions to dismiss in routine cases will continue to fail. But where the context of a case suggests a particular burden on the courts or defendants, or particular reason to doubt a claim.

## CONCLUSION

Wherefore based on all of the above and any prior motions defendants motion should be denied. For all of the foregoing reasons, Boston Scientific Corporation et al should be immediately dismissed. Plaintiffs complaint should be allowed to move forward with a Jury of her peers. Defendants Southern Maryland Hospital et al should be added to the complaint. This matter should be set for a timely hearing regarding the

removal of the Greenfield IVC Filter as soon as possible. Defendants motions should be dismissed with extreme prejudice, and this matter should be allowed to move forward as soon as this Honorable Courts calendar will allow.

Date entered: October 11, 2016

Respectively submitted,

Monica Jeffries

Monica Jeffries, Plaintiff pro se

## CERTIFICATE OF SERVICE

It is this 11th day of October 2016, under the penalties of perjury a copy of the foregoing Memorandum of Law in Support of Plaintiffs Motion and Objection to Dismiss, Adding Defendant Southern Maryland Hospital et al Motion for Emergency Hearing on the Merits To have IV Filter Removed and Injunction Against Defendants and to Have Plaintiffs Medical Information Concealed from the Public's Eye.

Was sent first class mail postage prepaid via U.S. mail to the defendants counsel:

Shook, Hardy & Bacon, LLP

1155 F Street N.W. Suite 200

Washington, D.C. 20004

Monica Jeffries

Monica Jeffries, Plaintiff pro se

301-485-159

26